UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE ESTATE OF BUCKMINSTER FULLER,<br><br>Plaintiff,<br><br>v.<br><br>MAXFIELD & OBERTON HOLDINGS, LLC,<br><br>Defendant,<br><br>ALTERRA EXCESS AND SURPLUS INSURANCE COMPANY,<br><br>Intervenor. | Case No.: 5:12-CV-02570-LHK<br><br>ORDER GRANTING MOTION TO INTERVENE |

On May 18, 2012, Plaintiff Estate of Buckminster Fuller ("Estate") filed this action against Maxfield & Oberton Holdings, LLC ("Maxfield"), alleging four causes of action. Currently before the Court is a Motion to Intervene, ECF No. 44, filed by Proposed Defendant-Intervenor Alterra Excess and Surplus Insurance Company ("Alterra"). No opposition has been filed. On March 28, 2013, Alterra filed a "reply," noting that its motion to intervene is unopposed. ECF No. 48.

The motion is deemed fully briefed, and the Court finds the matter appropriate for determination without oral argument, and thus vacates the June 13, 2013 hearing. *See* Civ. L.R. 7-1(b). The June 26, 2013, case management conference remains as set. Having considered the parties' submissions and the relevant law, and for the reasons discussed herein, the Court GRANTS Alterra's motion to intervene as of right.

1

Case No. 5:12-CV-02570-LHK
ORDER GRANTING MOTION TO INTERVENE

## I. Background

Defendant manufactures and sells desk toys called Buckyballs. Compl. at ¶ 1. In 2011, Plaintiff licensed to Defendant limited rights to use Mr. Fuller's name and likeness in connection with a limited commemorative edition of Buckyballs. *Id.* at ¶ 12. On May 18, 2012, Plaintiff brought the present action alleging that Defendant misappropriated Mr. Fuller's name and likeness through the manufacture, distribution, and sale of Buckyballs and related products. *Id.* at ¶¶ 22-23. Plaintiff also claims that Defendant's actions are "likely to cause confusion among the general public about Plaintiff's endorsement of Defendant's products." *Id.* at ¶ 23. Plaintiff asserts four causes of action: (1) violation of the Lanham Act, 15 U.S.C. § 1125(a); (2) invasion of privacy under California common law; (3) invasion of privacy under California Civil Code § 3344.1; and (4) violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.

Alterra issued a Commercial General Liability policy to Maxfield incepting June 4, 2010 (the "Alterra Policy"), which was in effect until July 25, 2011. Decl. of Randall P. Berdan, ECF No. 44-2 at ¶ 2. Alterra has been providing a defense to Maxfield in this action, through Sedgwick LLP, a defense counsel Maxfield chose, subject to a reservation of Alterra's rights. *See id.* However, following a United States Consumer Product Safety Commission administrative complaint, Maxfield dissolved its Delaware LLC on December 27, 2012, and created the Maxfield Liquidating Trust (the "Trust") pursuant to the Delaware Limited Liability Act. *See* Joint Subsequent Case Management Statement of February 20, 2013 ("Feb. 20, 2013 Statement"), ECF No. 40 at 2, 5; Alterra Request for Judicial Notice, ECF No. 44-1, Ex. A ("Settlement Agreement"). Consequently, Sedgwick LLP filed a Motion to Withdraw as Counsel for Maxfield, which the Court granted at the February 27, 2013 Case Management Conference. *See* Minute Order and Case Management Order, ECF No. 41.

The Estate has represented to the Court that the Estate and the Trust entered into the Settlement Agreement on January 18, 2012, agreeing "to settle all claims against the Trust relating to this action without limiting the amounts the Estate could recover from Alterra." Feb. 20, 2013 Statement at 5. The Settlement Agreement included an "Assignment of Claim," by which the Trust assigned to the Estate "any and all claims, demands and causes of action of any kind whatsoever

which the undersigned has or may have against [Alterra]" arising out of the Alterra Policy. Settlement Agreement, Ex. A. The Estate also represented to the Court that it believes this case "may be suitable for a default judgment and subsequent prove up hearing." *Id.* at 6.

Alterra has also been pursuing a coverage action seeking a declaration of non-coverage for this action, filed in San Francisco County Superior Court ("Superior Court") on August 1, 2012, against both Maxfield and the Estate. *See Alterra Excess and Surplus Insurance Company v. Maxfield and Oberton Holdings, LLC, et al.*, CGC-12-522867. Although the Estate previously executed a "Stipulation Dismissing Defendant Estate of Buckminster Fuller and to be Bound by Judgment" and was dismissed from that action, the Superior Court granted the Estate's Motion for Relief from Dismissal on May 8, 2013. *See* Berdan Decl., ¶ 4, Ex. A; Plaintiff's Second Subsequent Status Report of May 13, 2013, ECF No. 50, at 2. Also on May 8, 2013, the Superior Court denied without prejudice Alterra's Motion for Judgment on the Pleadings in that action. *Id.* No trial or other dates have been set in the Superior Court action, although the next case management conference is scheduled for June 19, 2013.

## II. Legal Standard

Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In determining whether a party may intervene, the Ninth Circuit has identified four factors:

> (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the other parties.

*United States v. Oregon*, 839 F.2d 635, 637 (9th Cir. 1988). "Although the party seeking to intervene bears the burden of showing those four elements are met, 'the requirements for intervention are broadly interpreted in favor of intervention.'" *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (internal quotation omitted).

3

Case No. 5:12-CV-02570-LHK
ORDER GRANTING MOTION TO INTERVENE

Alternatively, under Federal Rule of Civil Procedure 24(b), "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "[I]n exercising its discretion, the court is to consider 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1128 n. 10 (9th Cir. 2002), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24(b)(2)).

## III. Discussion

Alterra's unopposed motion seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a), or in the alternative, permission to intervene under Federal Rule of Civil Procedure 24(b). As set forth below, the Court finds that Alterra has sufficiently satisfied the four-factor test for intervention as a matter of right under Rule 24(a), and thus the Court need not address whether intervention is proper under Rule 24(b).

### A. Timeliness of Alterra's Motion to Intervene

In determining timeliness under Rule 24, a court should consider "(1) the stage of the proceeding; (2) prejudice to other parties; and (3) the reason for and the length of the delay." *Sanford v. MemberWorks, Inc.*, 483 F.3d 956, 965 (9th Cir. 2007).

In this case, Alterra had been defending the action through Maxfield's independent counsel, Sedgwick LLP until the Court granted Sedgwick LLP's motion to withdraw on February 27, 2013. The Estate indicated on February 20, 2013 that, despite the settlement between the current parties, the case may be suitable for a default judgment, but no such motion has yet been made. The Court finds that Alterra's filing of the instant unopposed motion on March 7, 2013 comes at a reasonable stage in the proceedings, does not prejudice any other party, did not involve substantial delay, and is therefore timely for purposes of Rule 24.

### B. Potential Impairment of Alterra's Interest

Alterra has also established an asserted interest in this action and further established that failure to intervene may impair or impede its ability to protect that interest. *See United States v. Oregon*, 839 F.2d at 637. As noted above, the Estate has represented that it will seek a default

4

judgment against Maxfield, which it will seek to recover directly from Alterra. *See* Feb. 20, 2013 Statement at 5-6. Because of Alterra's potential exposure to a judgment entered against Maxfield, the Court finds Alterra's interest is sufficient to support intervention.

### C. Adequacy of Representation of Alterra's Interest

Lastly, Alterra's interest is no longer adequately represented in this litigation. In determining adequacy of representation, courts consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996)). "[T]he burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 823 (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528 (1972)). In light of the cancellation of Maxfield's Limited Liability Company status, and the withdrawal of Sedgwick LLP as counsel, Alterra is no longer represented at all in this action. *Cf. APL Co. Pte. Ltd. v. UK Aerosols Ltd., Inc.*, C 05-0646 MHP, 2007 WL 2238048 (N.D. Cal. Aug. 2, 2007) (citing *Kaufman & Broad Comm., Inc. v. Performance Plastering Inc.*, 136 Cal. App. 4th 212, 217 (2006)) (permitting intervention by an insurer acting on behalf of its insured, a suspended corporation, because the suspended corporation could not proceed on its own behalf). The inadequacy of the representation of Alterra's interests is underscored by the Settlement Agreement between the Estate and the Trust, which was entered into unbeknownst to Alterra, explicitly does not limit Alterra's liability, and assigns to the Estate all of the Trust's claims against Alterra. Given the current alignment of interests, the Court finds it unlikely that any present party will make Alterra's arguments, and finds that Alterra has satisfied its "minimal" burden. *See Southwest Ctr. for Biological Diversity*, 268 F.3d at 822-23.

Therefore, the Court finds that Alterra's Motion to Intervene meets the Ninth Circuit's four-part test for intervention as of right under Rule 24(a). *See United States v. Oregon*, 839 F.2d at

637. Furthermore, the Motion was filed on ECF, accompanied by Alterra's proposed answer to Plaintiff's Complaint, and thus complied with the procedural requirements of Rule 24(c). Accordingly, the Court GRANTS Alterra's Motion to Intervene. Upon the entry of this Order, the Clerk shall file Alterra's Answer filed in support of the Motion to Intervene.

**IT IS SO ORDERED.**

Dated:  June 7, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 5:12-CV-02570-LHK
ORDER GRANTING MOTION TO INTERVENE