Thomas A. Cohen (#154581)
Law Offices of Thomas A. Cohen
591 Redwood Highway, Suite 2320
Mill Valley, CA 94941
(415) 777-1997
tomcohen@ionix.net

Attorney for Plaintiff
The Estate of Buckminster Fuller

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF BUCKMINSTER FULLER,<br><br>Plaintiff,<br><br>vs.<br><br>MAXFIELD & OBERTON HOLDINGS, LLC<br><br>Defendant. | Case No.: 12-CV-02570 LHK (HRL)<br><br>PLAINTIFF'S SUPPLEMENTAL CASE MANAGEMENT STATEMENT<br><br>Date: June 26, 2013<br>Time: 2:00 p.m.<br>Courtroom: 8 |

Plaintiff, The Estate of Buckminster Fuller, submits this Supplemental Case Management Statement pursuant to the Court's June 24, 2013 Order.

**I.      Developments in San Francisco Superior Court Case No. CGC 12-522867**

On May 8, 2013, the San Francisco Superior Court granted the Estate's Motion for Relief from Dismissal. The Case Management Conference set for June 19, 2013 was canceled by the court and reset for August 7, 2013. There are no other developments.

## II. The Settlement Between Fuller and the Trust is Not Grounds for Dismissal

The Fuller Lawsuit[1] is between Fuller and the now dissolved M & O. Alterra has intervened. When M & O dissolved it created the Trust. Fuller entered into a Settlement with the Trust. M & O was not a party to, and did not sign, the Settlement: "Fuller and the Trustee have agreed to settle all issues, claims and disputes *between them* . . .." Ex. A, Settlement Agreement ECF No. 44-1 (Recitals at e).

Alterra wrongly suggests that this Court dismiss the Fuller Lawsuit on the basis of the Settlement. But the terms of the Settlement specifically contemplate an attempt by Fuller to recover funds from Alterra.

> 1. Settlement of Fuller Lawsuit Claim. Upon the execution of this Agreement by all of the undersigned Parties, Fuller shall have an allowed unsecured claim against the Trust[2] in the amount of $ redacted (the "Settlement Claim"), subject to the following conditions:
>
> a. In the event Fuller recovers funds from Alterra, there shall be a dollar for dollar reduction of the Settlement Claim against the Trust. For example, if Fuller recovers $ redacted from Alterra, the claim against the Trust shall be reduced to $ redacted.
>
> b. Nothing in this Agreement prohibits Fuller from collecting more than $ redacted from Alterra. In such event, there shall be no remaining claim by Fuller against the Trust and the Settlement Claim shall be $0.00.

Id. ¶ 1.

In paragraph 3(a) of the Settlement, Fuller releases all claims against M & O, the Trustee and the Trust "*except for those claims which can be pursued against Alterra*." Id. ¶ 3(a) (emphasis added). The terms of the Settlement are not grounds for dismissal of this case.

If this suit were dismissed, Fuller would have no damage claim against Alterra, because

---

[1] Capitalized terms correspond exactly with those used in Ex. A: Settlement Agreement ECF No. 44-1.
[2] Claims against the Trust are pro-rated and payable, if at all, ten years from the date of dissolution: 12/27/2022.

(assuming coverage) the collection of funds from Alterra is entirely dependent on resolution of this lawsuit. To dismiss it is to eviscerate the Settlement and leave Fuller without a meaningful remedy. The Superior Court action is for declaratory relief only.

It is not clear why Alterra feels this case should be dismissed. If the implication is that Fuller's settlement with the Trust was collusive, then this Court should make that determination, and do so without a trial. To be enforceable against an insurer, a "judgment need not be based on a contested or adversarial trial, but may rest upon a default hearing held following a settlement or an uncontested trial where the insured settled with the claimant and thereafter presented no defense. These circumstances necessarily involve significant independent adjudicatory action by the court, thus mitigating the risk of a fraudulent or collusive settlement between an insured and the claimant." *Pruyn v. Agricultural Ins. Co.* (1995) 36 Cal. App. 4th 500, 517; *See Carlson v. Century Sur. Co.*, 2012 U.S. Dist. LEXIS 23119, 20-21 (N.D. Cal. Feb. 23, 2012)(determining on summary judgment whether a settlement was collusive).

Alterra intervened here, in part, to protect itself against a potentially collusive settlement ("The fact that [Fuller] and the [Trust] have settled around Alterra . . . is persuasive evidence that Alterra's interests are inadequately represented by the parties.") Motion to Intervene ECF No. 44 at 7:20-23. Having been granted the right to intervene, Alterra should address the issues on the merits and not seek to deny Fuller its day in court.

Fuller has already defeated a motion to dismiss. It should not be dismissed *sua sponte*.

Dated: June 25, 2013

By: /s/ Thomas A. Cohen
     Attorney for the Estate of Buckminster Fuller

Plaintiff's Supplemental Case Management Statement--12-CV-02570 LHK (HRL)

3