```
 1  ARTHUR SCHWARTZ (SBN: 122222)
    RANDALL P. BERDAN (SBN: 199623)
 2  GORDON & REES LLP
    275 Battery Street, Suite 2000
 3  San Francisco, California 94111
    Telephone:   (415) 986-5900
 4  Facsimile:   (415) 986-8054
    aschwartz@gordonrees.com
 5  rberdan@gordonrees.com

 6  Attorneys for Defendant-Intervenor
    ALTERRA EXCESS AND SURPLUS INSURANCE COMPANY
 7
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| THE ESTATE OF BUCKMINSTER FULLER,<br><br>Plaintiff,<br><br>vs.<br><br>MAXFIELD & OBERTON HOLDINGS, LLC,<br>A Delaware Limited Liability Company;<br><br>Defendant.<br><br><br>ALTERRA EXCESS AND SURPLUS<br>INSURANCE COMPANY,<br><br>Intervenor. | CASE NO.: 5:12-cv-02570-LHK<br><br>**NOTICE OF RESOLUTION OF RELATED INSURANCE COVERAGE ACTION IN FAVOR OF DEFENDANT-INTERVENOR ALTERRA EXCESS AND SURPLUS INSURANCE COMPANY AND REQUEST FOR DISMISSAL OF THIS ACTION**<br><br>Complaint filed:   May 18, 2012 |

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendant-Intervenor Alterra Excess and Surplus Insurance Company ("Alterra") provides the Court with Notice that the related coverage action has been resolved in favor of Alterra and respectfully requests that the Court dismiss this action.

A case management conference was held on June 26, 2013, at which Alterra and Plaintiff Estate of Buckminster Fuller ("Estate") stipulated to stay this action pending resolution of the related insurance coverage action, *Alterra Excess and Surplus Ins. Co. v. Maxfield and Oberton Holdings, LLC, et al.*, San Francisco Superior Court Case No. CGC-12-522867. (Docket #57, Court's Minute Order, Case Management Order, and Order Staying and Administratively Closing Case.)

On March 9, 2015, the Court of Appeal in the coverage action affirmed a judgment on the pleadings in favor of Alterra holding it had no duty to defend and therefore no duty to indemnify its insured, dissolved Defendant Maxfield & Oberton Holdings, LLC ("Maxfield") in this action. *Alterra Excess and Surplus Ins. Co. v. Snyder* (2015) 234 Cal.App.4th 1390 (Jaime Snyder is co-executor of the Estate, defendant and appellant in the coverage action and plaintiff in this action).

Nothing remains to be litigated in this action. The Estate had objected to Alterra's previous request to dismiss this action which Alterra had sought due to the Estate's release of all claims against Maxfield. (Docket #53, Joint Subsequent Case Management Statement, 2:20 – 3:10; Docket #56, Defendant-Intervenor's Supplemental Case Management Statement.) The Estate's position in response was that, despite the settlement, it still possessed a right to pursue claims against Alterra based on Maxfield's alleged liability in this action.[1] The Estate stated that it had "entered into a Settlement with the [Maxfield] Trust" and "release[d] all claims against [Maxfield], [its] Trustee and the Trust '*except for those claims which can be pursued against Alterra.*'" (Docket #55, Plaintiff's Supplemental Case Management Statement, at 2:3-4, 19-20 (emphasis in original).)

Given the state court's conclusion that Alterra has no coverage obligation, there is nothing left to adjudicate here. The Estate has released all claims against Maxfield and the

---

[1] Alterra in no sense agrees with the Estate's premise. Under California law, a settlement without an insurer's consent bars a direct claim against the insurer. *Hamilton v. Maryland Cas. Co.* (2002) 27 Cal.4th 718.

-1-
NOTICE OF RESOLUTION OF RELATED INSURANCE COVERAGE ACTION
CASE NO. 5:12-cv-02570 LHK

Estate is forever barred from pursuing claims against Alterra. Alterra respectfully requests the Court dismiss the action.

Dated: June 17, 2015            GORDON & REES LLP

By:  */S/ Arthur Schwartz*
    ARTHUR SCHWARTZ
    RANDALL P. BERDAN
Attorneys for Defendant-Intervenor
ALTERRA EXCESS AND SURPLUS INSURANCE COMPANY